IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br> Defendant. | Case No: 2:15-cv-01646-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), through its undersigned counsel, respectfully states its Answer and Affirmative Defenses to Plaintiff Rothschild Connected Devices Innovations, LLC ("Rothschild") First Amended Complaint ("Complaint") as follows:

**PARTIES AND JURISDICTION**

1.     Verizon Wireless admits that Rothschild purports to state a claim for patent infringement under Title 35 of the United States Code.  Verizon Wireless admits that Rothschild is seeking injunctive relief as well as damages.  Verizon Wireless denies that Rothschild is entitled to any relief.

2.     Verizon Wireless admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Verizon Wireless is without knowledge sufficient to admit or deny the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Verizon Wireless admits that it is a general partnership organized and existing under the laws of Delaware and that it has a principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920. Verizon Wireless further admits that it may be served, in this case only, through its counsel of record Duane Morris LLP at 1075 Peachtree Street NE, Suite 2000, Atlanta, GA 30309-3929.

5. Paragraph 5 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be required, Verizon Wireless admits that it has conducted business in the state of Texas. For the purposes of this action only, Verizon Wireless does not contest that this Court has personal jurisdiction over it, but denies that it infringes any claim of the patents-in-suit in this judicial district or elsewhere. Verizon Wireless denies any remaining allegations in Paragraph 5.

6. Verizon Wireless admits that that it has sold goods and services around the country, including in the Eastern District of Texas, but denies that its sale of those goods and services infringes any valid claim of any of the patents-in-suit. Verizon Wireless denies any remaining allegations in Paragraph 6.

**VENUE**

7. Paragraph 7 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be required, Verizon Wireless does not contest that venue may be had in this judicial district, but states that other districts may be more convenient forums in which to litigate the claims asserted against Verizon Wireless. Verizon Wireless denies that it infringes any claim of the patents-in-suit in this judicial district or elsewhere. Verizon Wireless denies any remaining allegations in Paragraph 7.

## COUNT 1
## (INFRINGEMENT OF UNITES STATES PATENT NO. 8,788,090)

8. Verizon Wireless restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Verizon Wireless admits that Rothschild purports to bring its claim under 35 U.S.C. §§ 271, *et seq*.

10. Verizon Wireless is without knowledge sufficient to admit or deny the allegations of Paragraph 10 of the Complaint, and therefore denies them.

11. Verizon Wireless admits that what purports to be a true and correct copy of U.S. Patent No. 8,788,090 ("the '090 patent") is included as Exhibit A to the Complaint.

12. Verizon Wireless denies the allegations of Paragraph 12 of the Complaint.

13. Verizon Wireless denies the allegations of Paragraph 13 of the Complaint.

14. Verizon Wireless admits that it offers for sale services referred to as the Verizon Family Case, Usage Controls, and/or Family Safeguards. Verizon Wireless denies the remaining allegations of Paragraph 14 of the Complaint.

15. Verizon Wireless denies the allegations of Paragraph 15 of the Complaint.

16. Verizon Wireless denies the allegations of Paragraph 16 of the Complaint.

17. Verizon Wireless is without knowledge sufficient to admit or deny the allegations of Paragraph 17 of the Complaint, and therefore denies them.

## PRAYER FOR RELIEF

Verizon Wireless denies that Rothschild is entitled to any of the relief sought in its prayer for relief.

## **AFFIRMATIVE DEFENSES**

Verizon Wireless asserts the following affirmative and other defenses to the Complaint. In so doing, Verizon Wireless does not assume or shift any burden of proof on any issue that is Rothschild's burden as a matter of law. Verizon Wireless reserves the right to amend or supplement these defenses as additional facts become known.

### First Defense

1. Verizon Wireless does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '090 patent, either directly, contributorily, by inducement, or in any other manner.

### Second Defense

2. One or more claims of the '090 patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations and law pertaining thereto.

### Third Defense

3. Rothschild's claims of infringement against Verizon Wireless regarding the '090 patent are barred, in whole or in part, and the '090 patent is unenforceable against Verizon Wireless due to the doctrines of waiver, estoppel, and/or acquiescence.

### Fourth Defense

4. To the extent Rothschild or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287(a), Rothschild's requested relief is barred, in whole or in part for any damages for Verizon Wireless's alleged infringement prior to the date of filing of the Complaint.

Fifth Defense

5. Rothschild is precluded from recovering costs under 35 U.S.C. § 288.

Sixth Defense

6. Rothschild's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made during the prosecution of the '090 patent.

Seventh Defense / Reservation of Rights

7. Verizon Wireless is investigating the facts relating to the procurement of the '090 patent and the assertion of infringement against Verizon Wireless, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Verizon Wireless reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

**JURY DEMAND**

Verizon Wireless admits that the Complaint sets forth a demand for a trial by jury. Verizon Wireless likewise demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Rothschild's Amended Complaint and having asserted Affirmative Defenses, Verizon Wireless prays for judgment as follows:

A. That this Court fully and finally dismiss Rothschild's claims against Verizon Wireless and order that Rothschild take nothing from Verizon Wireless;

B. To the extent that Verizon Wireless is the prevailing party and it is determined that this is an exceptional case, awarding Verizon Wireless its expenses, disbursements, and

reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

  C.  That this Court award Verizon Wireless all of its costs of this action; and

  D.  That this Court grant Verizon Wireless such other and further relief as the Court shall deem just and proper.

Dated:  December 28, 2015     **DUANE MORRIS LLP**

              /s/ *Matthew S. Yungwirth*
              L. Norwood Jameson
              Matthew S. Yungwirth
              David C. Dotson
              S. Neil Anderson
              DUANE MORRIS LLP
              1075 Peachtree Street NE
              Suite 2000
              Atlanta, GA 30309-3929
              (404) 253-9600
              WJameson@duanemorris.com
              MSYungwirth@duanemorris.com
              DCDotson@duanemorris.com
              SNAnderson@duanemorris.com

              *Counsel for Cellco Partnership d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 28, 2015, a true and correct copy of the foregoing **DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth